**Abraham BAKER, Defendant, Appellant,**

**v.**

**SIMMONS COMPANY, Plaintiff, Appellee.**

**No. 6383.**

United States Court of Appeals
First Circuit.

April 2, 1965.

Maurice Schwartz, Lawrence, Mass., for appellant.

William E. Anderson, Chicago, Ill., with whom Francis A. Even, James J. Schumann and Anderson, Luedeka, Fitch, Even & Tabin, Chicago, Ill., were on brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

HARTIGAN, Senior Circuit Judge (by designation).

This is an appeal from an order and judgment of the United States District Court for the District of Massachusetts entered June 8, 1964, overruling objections to a master's report and awarding appellee $1,094,779.94 in damages. Said master's report was submitted May 1, 1964, after further hearings were conducted in accordance with a judgment of this court entered December 26, 1963. Baker v. Simmons Company, 325 F.2d. 580 (1st Cir. 1963). In an earlier opinion we affirmed the district court's issuance of an injunction. Baker v. Simmons Company, 307 F.2d 458 (1st Cir. 1962).

After we remanded this case on December 26, 1963, the district court referred it to the master to permit the parties to examine the accountant previously used by the master in preparing his findings. Appellant now contends that the master, in his second report, merely rubber-stamped his first report and that in any event his report is not supported by the evidence. At the second hearing appellant was content only to cross-examine the accountant, introducing no witnesses of his own in rebuttal. The master was entitled to rely on the accountant's testimony and, therefore, to adhere to his earlier assessment of damages.

Appellant also contends that he was prejudiced by remarks made by the district judge, heard by the master, to the effect that appellant was a "crook" and that he desired to get into bankruptcy. He cites cases standing for the proposition that litigants are entitled to a trial before a tribunal free from bias and prejudice. That no doubt is true. However, the assessment of damages was made by the master and not by the district judge. The only question, therefore, is whether the district judge's remarks in any way infected the proceedings before the master. In the light of our first opinion, Baker v. Simmons Company, 307 F.2d 458 (1st Cir. 1962), we scarcely think the district judge's remarks could have had prejudicial effect on him. In addition, the record fails to indicate any bias or prejudice by the master himself. We, therefore, need not reach the question of whether the district judge's remarks in fact amounted to a showing of bias or prejudice.

The record does not convince us that the appellant was prejudiced either by the district judge or by the master in the scheduling of the hearings before the master. It would appear from the record and from the time elapsed since our last decision that counsel for appellant had adequate time to prepare and to try his case.

We find no merit in the other contentions raised by appellant.

Judgment will be entered affirming the judgment of the district court.